UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE, #305535,

        Petitioner,

v.                                        CASE NO. 2:20-CV-10690
                                        HONORABLE SEAN F. COX

WILLIS CHAPMAN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner Darrin LaPine ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 raising a pre-indictment delay claim involving a 2016 assault with intent to maim charge that is currently pending in the Wayne County Circuit Court. His trial on that charge is currently scheduled for April 13, 2020. *See People v. Lapine*, No. 16-010265-01-FH (Wayne Co. Cir. Ct.).

Petitioner, however, has already filed a federal habeas petition challenging that same pending charge and raising the same pre-indictment delay claim, which was recently dismissed on abstention grounds. *See LaPine v. Chapman*, No. 20-CV-10385, 2020 WL 978259 (E.D. Mich. Feb. 28, 2020) (Drain, J.) (noting that a pre-trial habeas petition is properly brought under 28 U.S.C. § 2241, construing § 2254 petition as such, and summarily denying petition pursuant *Younger v. Harris*, 401 U.S. 37, 45 (1971)). Petitioner's current claim was thus previously raised and addressed in that prior habeas case and may not be re-litigated under the doctrine of *res judicata* or claim preclusion. *See, e.g., Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003); *see also Butts v. Wilkinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir.

1998) (unpublished) (upholding summary dismissal of prisoner civil rights complaint based upon *res judicata* doctrine); *McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious).

Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). The *res judicata* rule "precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell*, 343 F.3d at 819. In this case, all four elements are present. The instant action must therefore be dismissed pursuant to the *res judicata* doctrine.[1]

Accordingly, for the reasons stated, the Court **DISMISSES** the petition for a writ of habeas corpus. Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85

---

[1]Moreover, even if the habeas petition was not subject to dismissal on *res judicata* grounds, the Court would dismiss it on abstention grounds for the same reasons set forth in Case No. 20-CV-10385.

(2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be take in good faith. *See* Fed. R. App. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

s/Sean F. Cox<br>
SEAN F. COX<br>
UNITED STATES DISTRICT JUDGE

Dated: April 9, 2020